IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CASE NUMBER: 3:21-CV-00400-MOC-DSC

| | |
|---|---|
| HOLLY PARK TOWNHOME ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAIN STREET AMERICA ASSURANCE COMPANY, <br><br> Defendant. | **ANSWER** |

NOW COMES Defendant Main Street America Assurance Company (hereinafter "Main Street America") and responds to the allegations contained in Plaintiff's Complaint as follows:

### FIRST DEFENSE

Main Street America, responds as follows to the paragraphs specifically number in Plaintiff's Complaint:

1. Main Street America is without sufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint and the same are therefore denied.

2. With regard to the allegations contained in paragraph 2 of Plaintiff's Complaint, it is admitted that Main Street America is a company existing under the laws of the State of Florida with a principal place of business in Jacksonville, Florida. It is further admitted that Main Street America transacted business in the State of North Carolina. Except as herein admitted, denied.

3. The allegations contained in paragraph 3 of Plaintiff's Complaint are denied. Service was properly effectuated by Plaintiff and the case was timely removed on August 3, 2021 pursuant to 28 U.S.C. §§ 1441 and 1446. As such, jurisdiction is proper in this Court pursuant to

the provisions of 28 U.S.C. § 1332 and this Court is the proper venue for this action under 28 U.S.C. 1446(a).

4. The allegations contained in paragraph 4 of Plaintiff's Complaint are denied. Service was properly effectuated by Plaintiff and the case was timely removed on August 3, 2021 pursuant to 28 U.S.C. §§ 1441 and 1446. As such, jurisdiction is proper in this Court pursuant to the provisions of 28 U.S.C. § 1332 and this Court is the proper venue for this action under 28 U.S.C. 1446(a).

5. The allegations contained in paragraph 5 of Plaintiff's Complaint are denied. Service was properly effectuated by Plaintiff and the case was timely removed on August 3, 2021 pursuant to 28 U.S.C. §§ 1441 and 1446. As such, jurisdiction is proper in this Court pursuant to the provisions of 28 U.S.C. § 1332 and this Court is the proper venue for this action under 28 U.S.C. 1446(a).

6. The allegations contained in paragraph 6 of Plaintiff's Complaint are denied. Service was properly effectuated by Plaintiff and the case was timely removed on August 3, 2021 pursuant to 28 U.S.C. §§ 1441 and 1446. As such, jurisdiction is proper in this Court pursuant to the provisions of 28 U.S.C. § 1332 and this Court is the proper venue for this action under 28 U.S.C. 1446(a).

7. With regard to the allegations contained in paragraph 7 of Plaintiff's Complaint, it is admitted that Hurricane Florence made landfall in North Carolina on September 14, 2018 and caused damage to certain structures throughout North Carolina. To the extent that paragraph 7 is alleging catastrophic damage to Plaintiff's property, the allegations are denied. Except as herein admitted, denied.

8. The allegations contained in paragraph 8 of Plaintiff's Complaint are denied.

9. With regard to the allegations contained in paragraph 9 of Plaintiff's Complaint, it is admitted that the aforementioned Hurricane resulted in some damage to shingles within the property, the scope and extent of which are contained in Exhibit B to Plaintiff's Complaint. Except as herein admitted, denied.

10. With regard to the allegations contained in paragraph 10 of Plaintiff's Complaint, it is admitted that Plaintiff was an insured under a Main Street America Business Owners Insurance Policy, Policy No. BPG4033R. That policy is in writing, speaks for itself and is the best evidence of its contents. To the extent further response is required, Main Street America refers to the policy for all of the terms and conditions, and denies any allegations inconsistent therewith. Except as herein admitted, denied.

11. With regard to the allegations contained in paragraph 11 of Plaintiff's Complaint, it is admitted that the policy of insurance referenced above included Replacement Cost Value coverage and an Extended Value Replacement Cost Endorsement. It is further admitted that the policy of insurance issued in this matter is in writing, speaks for itself and provides the best evidence of its contents. To the extent further response is required, Main Street America refers to the policy for all of the terms and conditions, and denies any allegations inconsistent therewith. Except as herein admitted, denied.

12. The allegations contained in paragraph 12 of Plaintiff's Complaint are admitted.

13. With regard to the allegations contained in Paragraph 13 of Plaintiff's Complaint, it is admitted that certain damages related to Hurricane Florence were covered under policy BPG4033R, the scope and extent of which are contained in Exhibit B to Plaintiff's Complaint. It is further admitted that payments for covered damage were issued on December 14 and 16, 2018, and were accepted by Plaintiff. Except as herein admitted, denied.

14. With regard to the allegations contained in paragraph 14 of Plaintiff's Complaint, it is admitted that Plaintiff made claim under policy BPG4033R and that said claim was assigned claim numbers 01-BPG4033R-100001 through 01-BPG4033R-100018. It is further admitted that the aforementioned claims were adjusted following which payments for the covered damage were issued, and were accepted by Plaintiff. Except as herein admitted, denied.

15. With regard to the allegations contained in paragraph 15 of Plaintiff's Complaint, it is admitted that Main Street America retained Chad W. Rundell with Barker Claim Services to adjust the claim. It is further admitted that Travis Brown of Homeland Public Adjusting, LLC adjusted the claims on Plaintiff's behalf. Except as herein admitted, the remaining allegations of paragraph 15 of Plaintiff's Complaint are denied for lack of sufficient information.

16. With regard to the allegations contained in paragraph 16 of Plaintiff's Complaint, it is admitted that Mr. Rundell completed an inspection at the subject property, which began on or about November 13, 2018. It is further admitted that Mr. Rundell reduced his estimate to writing following that inspection, and that said estimate is contained within Exhibit B attached to Plaintiff's Complaint, which is the best evidence of his work. Except as herein admitted, denied.

17. The allegations contained in paragraph 17 of Plaintiff's Complaint are denied.

18. With regard to the allegations contained in paragraph 18 of Plaintiff's Complaint, it is specifically denied that Mr. Brown passed away on January 3, 2020. It is further denied that Mr. Brown passed away only days after Main Street America provided Mr. Rundell's estimate to Mr. Brown. Except as herein admitted, the remaining allegations contained in paragraph 18 of Plaintiff's Complaint are denied for lack of sufficient information.

19. The allegations contained paragraph 19 of Plaintiff's Complaint are denied for lack of sufficient information.

20. With regard to the allegations contained in paragraph 20 of Plaintiff's Complaint, it is admitted that the listed contractors provided statements with regard to repairs at the subject property, and those statements are in writing, speak for themselves and provide the best evidence of their contents. Except as herein admitted, denied.

21. With regard to the allegations contained in paragraph 21 of Plaintiff's Complaint, it is admitted that John Worden of JW Services of NC, Inc. prepared a report, which is in writing, speaks for itself and provides the best evidence of its contents. It is specifically denied that Mr. Worden conducted an inspection of the property on June 24, 2019. Except as herein admitted, denied.

22. With regard to the allegations contained in paragraph 22 of Plaintiff's Complaint, it is admitted that Carolina Roof Consultants provided roof replacement estimates, and those estimates are in writing, speak for themselves and provide the best evidence of their contents. Except as herein admitted, the remaining allegations contained in paragraph 22 of Plaintiff's Complaint are denied for lack of sufficient information.

23. With regard to the allegations contained in paragraph 23 of Plaintiff's Complaint, it is admitted that Plaintiff retained Southern Restoration & Construction, Inc. to provide an estimate. It is further admitted that the estimate is in writing, speaks for itself and is the best evidence of its contents. Except as herein admitted, denied.

24. With regard to the allegations contained in paragraph 24 of Plaintiff's Complaint, it is admitted that Main Street America has been provided with documentation from Plaintiff's current claim adjuster. It is specifically denied that any such documentation is relevant or otherwise requires payment beyond that amount already identified, issued and accepted by Plaintiff. Except as herein admitted, denied.

25. With regard to the allegations contained in paragraph 25 of Plaintiff's Complaint, it is admitted that a follow site up visit was not conducted. It is further admitted that a follow up site visit would not have been helpful due to passage of time and the fact that an inspection had already been conducted by Main Street America, following which payments for the covered damage were issued, and were accepted by Plaintiff. Except as herein admitted, denied.

26. With regard to the allegations contained in paragraph 26 of Plaintiff's Complaint, it is admitted that the inspection conducted by Main Street America resulted in an estimate of covered damages, the scope and extent of which are contained in Exhibit B to Plaintiff's Complaint. It is further admitted that payments for covered damage were issued and were accepted by Plaintiff. It is further admitted that written communications exchanged between Plaintiff and Main Street America related to the covered damages, payments issued and acceptance of such payments are in writing, speak for themselves and are the best evidence of their contents. Except as herein admitted, denied.

27. With regard to the allegations contained in paragraph 27 of Plaintiff's Complaint, it is admitted that Plaintiff, by and through its agents, obtained drone footage of the subject property. It is specifically denied that the drone footage was obtained on April 11, 2019. Except as herein admitted, the remaining allegations contained in paragraph 27 of Plaintiff's Complaint are denied for lack of sufficient information.

28. The allegations contained paragraph 28 of Plaintiff's Complaint are denied.

29. The allegations contained paragraph 29 of Plaintiff's Complaint are denied.

30. With regard to the allegations contained in paragraph 30 of Plaintiff's Complaint, it is admitted that Plaintiff prepared a Sworn Statement in Proof of Loss on or about April 9, 2021,

6

which is attached to Plaintiff's Complaint as Exhibit E and is the best evidence of its contents. Except as herein admitted, denied.

31. With regard to the allegations contained in paragraph 31 of Plaintiff's Complaint, it is admitted the documentation attached as Exhibit F to Plaintiff's Complaint was received by Jeff Dean of Main Street America. With respect to the description of the documents contained within Exhibit F, such documents are in writing, and thus, speak for themselves and are the best evidence of their contents. Except as herein admitted, denied.

32. With regard to the allegations contained in paragraph 32 of Plaintiff's Complaint, it is admitted that Exhibit G attached to Plaintiff's Complaint is a letter sent by Jeff Dean of Main Street America on or about May 15, 2021. With respect to the contents of Exhibit G, this correspondence is in writing, speaks for itself and is the best evidence of its contents. Except as herein admitted, denied.

33. The allegations contained paragraph 33 of Plaintiff's Complaint are denied.

34. The allegations contained paragraph 34 of Plaintiff's Complaint are denied.

35. The allegations contained paragraph 35 of Plaintiff's Complaint are denied.

36. The allegations contained paragraph 36 of Plaintiff's Complaint are denied.

37. The allegations contained paragraph 37 of Plaintiff's Complaint are denied.

38. The allegations contained paragraph 38 of Plaintiff's Complaint are denied.

39. The allegations contained paragraph 39 of Plaintiff's Complaint are denied.

40. Main Street America realleges and incorporates by reference its responses to paragraphs 1-39 as if fully set out herein.

41. With regard to the allegations contained in paragraph 41 of Plaintiff's Complaint, it is admitted that there was a policy of insurance issued by Main Street America to the Plaintiff in

effect as of September 14, 2018. It is further admitted that the policy is a contract, is in writing, speaks for itself and is the best evidence of its contents. Except as herein admitted, denied.

42. The allegations contained paragraph 42, including subparts a-h, of Plaintiff's Complaint are denied.

43. The allegations contained paragraph 43 of Plaintiff's Complaint are denied.

44. The allegations contained paragraph 44 of Plaintiff's Complaint are denied.

45. Main Street America realleges and incorporates by reference its responses to paragraphs 1-44 as if fully set out herein.

46. The allegations contained paragraph 46 of Plaintiff's Complaint are denied.

47. The allegations contained paragraph 42, including subparts a-k, of Plaintiff's Complaint are denied.

48. The allegations contained paragraph 48 of Plaintiff's Complaint are denied.

49. Main Street America realleges and incorporates by reference its responses to paragraphs 1-48 as if fully set out herein.

50. The allegations contained paragraph 50, including subparts a-j, of Plaintiff's Complaint are denied.

51. The allegations contained paragraph 51 of Plaintiff's Complaint are denied.

52. The allegations contained paragraph 52 of Plaintiff's Complaint are denied.

53. The allegations contained paragraph 53 of Plaintiff's Complaint are denied.

54. The allegations contained paragraph 54 of Plaintiff's Complaint are denied.

55. The allegations contained paragraph 55 of Plaintiff's Complaint are denied.

56. The allegations contained paragraph 56 of Plaintiff's Complaint are denied.

57. The allegations contained paragraph 57 of Plaintiff's Complaint are denied.

58. The allegations contained paragraph 58 of Plaintiff's Complaint are denied.

59. The allegations contained paragraph 59 of Plaintiff's Complaint are denied.

60. The allegations contained paragraph 60 of Plaintiff's Complaint are denied.

61. The allegations contained paragraph 61 of Plaintiff's Complaint are denied.

## SECOND DEFENSE

If Plaintiff was injured or damaged as a result of Main Street America's alleged acts or omissions, which is herein and expressly denied, Main Street America alleges that Plaintiff failed to use reasonable care and diligence in order to mitigate the alleged damages, and as a result of the, Main Street America pleads the defense of failure to mitigate damages.

## THIRD DEFENSE

Any claims asserted by Plaintiff may be barred by the applicable statutes of limitation, statutes of repose and/or any other applicable time limitations.

## FOURTH DEFENSE

Any claims asserted by Plaintiff may be barred by the Doctrine of Laches.

## FIFTH DEFENSE

Any claims asserted by Plaintiff may be barred by the Doctrine of Waiver and Estoppel.

## SIXTH DEFENSE

Any claims asserted against Main Street America are subject to the terms of the applicable policy of insurance issued by Main Street America, including, without limitation, conditions, exclusions, declarations, endorsements, limits of liability, per occurrence and aggregate limits, definitions, deductibles, self-insured retentions, policy periods, requirements and exhaustion of other insurance, and notice requirements. Main Street America expressly reserves, and does not waive, its rights under all of the terms of the applicable policy.

### SEVENTH DEFENSE

Main Street America has no coverage obligations for liability that occurred or is alleged to have occurred outside the period of coverage under the insurance policy at issue under which Plaintiff is, or may be, an insured.

### EIGHTH DEFENSE

Plaintiff, by and through its agents, agreed to accept a sum in satisfaction of the claim made under the applicable policy of insurance and such amounts were paid such that any claims against Main Street America are barred.

### NINTH DEFENSE

Plaintiff's has not asserted sufficient facts to support a valid claim for punitive damages against Main Street America. Plaintiff has failed to allege facts sufficient to support any of the aggravating factors listed under N.C. Gen. Stat. § 1D-15, and no alleged act or omission on the part of Main Street America constitutes fraud, malice or willful or wanton conduct, and. Further, Plaintiff knew or should have known that such assertion of such claim was frivolous or malicious, and Defendants are therefore entitled to recover attorney's fees pursuant to N.C. Gen. Stat. § 1D-45.

### TENTH DEFENSE

Plaintiff's claim for punitive damages should be barred, in whole or part, to the extent that it violates state and federal constitutional rights, including not limited to the Fourteenth Amendment Due Process Clause requiring legal proceedings to be consistent with fundamental fairness, ordinary notions of fair play and settled rules of law, and not offend the community's sense of decency, as well as the Eighth Amendment's prohibition against excessive fines.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH DEFENSE

Main Street America hereby notify the Court and the Plaintiff that there may be further and additional claims and affirmative defenses available based upon additional research, investigation and discovery; and that Main Street America therefore reserves the right to amend the Answer to allege such further claims or defenses as may be shown by its research, investigation and discovery in this matter.

WHEREFORE, Defendant Main Street America Assurance Company prays the Court as follows:

1. That Plaintiff have and recover nothing of Defendant;

2. That the costs of this action be taxed against Plaintiff and that Defendant have and recover defense costs, attorney's fees and all other costs allowed by law;

3. That there be a trial by jury on all issues so triable herein; and

4. For such other and further relief as the Court may deem just and proper.

This the 10th day of August, 2021.

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY:    /s/ *Rebecca R. Thornton*
Rebecca R. Thornton
N.C. State Bar No. 40008
William A. Bulfer
N.C. State Bar No. 31424
Attorney for Main Street America Assurance Company
P.O. Box 19207
Raleigh, NC 27619-9207
Telephone: (919) 873-0166
Facsimile: (919) 873-1814

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Robert H. Jessup
Howard, Stallings, From,
Atkins, Angell & Davis, PA
5410 Trinity Road, Suite 210
Raleigh, North Carolina 27607
rjessup@hsfh.com

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY: /s/ *Rebecca R. Thornton*
       Rebecca R. Thornton