## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CASE NUMBER: 3:21-CV-00400-MOC-DSC

| | | |
|---|---|---|
| HOLLY PARK TOWNHOME ASSOCIATION INC., | ) ) ) ) | |
| Plaintiff, | ) ) | **CONSENT PROTECTIVE ORDER** |
| v. | ) | |
| MAIN STREET AMERICA ASSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court upon the Joint Motion for a Protective Order governing discovery.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds that some information sought to be produced during discovery in this action likely will contain confidential or protected information and/or information that constitutes work product or is otherwise subject to the protections afforded by attorney client privilege. Accordingly, the Court finds good cause for entry of this Protective Order.

The Court makes no decision as to whether any particular document or category of documents is or is not subject to any privilege, as this Order provides a process for any such disputes to be resolved on a more detailed factual record.

It is ORDERED that:

l. Parties to the Protective Order. The parties to this Protective Order are Main Street America Assurance Company ("MSAA") and Holly Park Townhome Association Inc.

To the extent that any other person, entity, or party seeks access to information designated as "Confidential" pursuant to this Protective Order, such person or its counsel must be an

"Authorized Person" as defined in paragraph 14 of this Protective Order, subject to further order of the Court.

2. <u>Material Governed</u>. The Parties have presented or plan to present testimony and conduct discovery, which will or is likely to require them or another party to disclose Confidential Information as defined below, which is relevant to the subject matter of this proceeding. The Parties will likely disclose Confidential Information within and/or attached as exhibits to anticipated motions for summary judgment and related pleadings. The Parties desire to protect and safeguard Confidential Information against any disclosure to or use by other parties or by anyone else, including underlying parties or their counsel, unless provided in response to a valid order of a court or other governmental body or otherwise required by law.

3. <u>Confidential Information.</u> For purposes of this Protective Order, "Confidential Information" means documents and/or information that reflect or contain personal, medical, business, financial, or economic information that would ordinarily be maintained in confidence, where the disclosing person has taken appropriate efforts to maintain the confidentiality of such information, or the party is otherwise required to keep such information confidential by agreement or law. "Confidential Information" includes proprietary business information and documents including claim handling manuals, guidelines and instructional materials, as well as underwriting manuals, guidelines, instructional materials and premium/rating calculation information, where the disclosing person has taken appropriate efforts to maintain the confidentiality of such information.

Information or documents designated as "Confidential Information" may be produced to all parties to this action in accordance with the terms of this Protective Order. For purposes of this

2

Protective Order, "Protected Information" shall mean any information and documents that are designated as "Confidential Information."

4. <u>Public Information</u>. In making the designation of materials pursuant to this Protective Order, the producing party shall give due consideration to whether the information contained in the materials (1) has been produced, disclosed, or made available to the public in the past, (2) has been published, communicated or disseminated to others not obligated to maintain the confidentiality of the information contained therein, (3) has not been preserved or maintained in a manner calculated to preserve its confidentiality, or (4) is available from a third party or commercial source that is not obligated to maintain its confidentiality or privacy. Overbroad designations should be avoided.

5. <u>Uses</u>. Protected Information appearing in any form, including those described in paragraph 2, may not be disclosed to any person except as permitted in paragraph 14 or as otherwise ordered by the Court.

Protected Information produced in this litigation is to be used solely for purposes of this litigation (i.e., preparing for trial, for use at trial, and preparing for any appeal of this litigation) and shall not be used in any other litigation, or for any business or other purpose whatsoever. All counsel and their clients shall not provide such information or documents to anyone who is not an Authorized Person under paragraph 14, including but not limited to posting (either directly or indirectly) any Protected Information on any website that is accessible to anyone who is not an Authorized Person under paragraph 14.

6. <u>Designation of Information as "CONFIDENTIAL" or "PRIVILEGED"</u>. A Party or other person may, in the exercise of good faith, designate any material as Confidential Information pursuant to this Protective Order. Documents, responses to interrogatories, responses to requests

3

for admission, exhibits, and other material may be designated as containing Confidential Information by stamping the word "CONFIDENTIAL" or "PRIVILEGED," as appropriate, on each page or medium containing the material or data sought to be protected, such that the material or data appearing on the page is not obscured. Upon request of counsel for any Party to this Litigation, the designating person shall promptly and precisely identify the Protected Information on a page stamped "PRIVILEGED" or "CONFIDENTIAL." Material produced or used in a non-hard copy format (i.e., a native format, such as an Excel spreadsheet file or Word document file) may be designated as containing Confidential Information by stamping the word "PRIVILEGED" or "CONFIDENTIAL" on any compact disc or USB drive containing such material and/or by otherwise conspicuously indicating, as appropriate for the type of electronic material at issue, that such material is "PRIVILEGED" or "CONFIDENTIAL" (e.g., by including the term "PRIVILEGED" or "CONFIDENTIAL" in the name of the electronic file).

7. <u>Deposition Testimony</u>. At any deposition when counsel for a Party deems that an answer to a question will result in the disclosure of Protected Information within the meaning of this Order, counsel may direct that the question and answer be transcribed separately from the remainder of the deposition and be marked as Confidential Information, as appropriate. In any event, all parts of all deposition transcripts shall be deemed Protected Information until the expiration of ten business days after the receipt by counsel for all Parties of the deposition transcript. If counsel believes that the deposition transcript or portions thereof constitutes Protected Information, counsel shall so designate in writing within that ten day period the specific pages and lines constituting Privileged and/or Confidential Information.

8. <u>Designations After the Deposition</u>. Alternatively, counsel for the designating party may designate an entire transcript as Confidential Information or designate specific pages and lines of

the transcript or video recording of the deposition as Confidential Information by notifying counsel for the Parties and other attendees of the deposition in writing within thirty calendar days of the date of such deposition. If, within thirty calendar days of the date of such deposition, no person timely designates the transcript or recording, or any portion thereof, as Protected Information, then the transcript and any recording shall not thereafter be subject to this Protective Order. Deposition exhibits that are marked as "PRIVILEGED" or "CONFIDENTIAL" will continue to be protected without further designation, and the continued protection of such exhibits will not be dependent upon the transcript, or any portion thereof, being designated as Protected Information.

9. Responses to Interrogatories and Requests for Admissions. If a response to an interrogatory or request for admission contains Protected Information, the response shall be provided in a separate document with the appropriate confidentiality designation, appended to the main body of the responses, and incorporated by reference therein. The response to the interrogatory or request for admission in the main body of the responses shall be: "Requests Confidential [or Privileged] Information, see response in confidential addendum, which response is incorporated herein by reference."

10. Filing with the Court. Entire pleadings shall not be filed under seal. If any party contemplates filing Protected Information as an exhibit to any motion or referencing Protected Information in any brief, counsel shall refer to Local Rule 6.1. Because discovery motions are not dispositive, motions to seal in connection with discovery motions are not ordinarily required, though the parties must still advise the Court in advance. The parties shall give due consideration whether materials they propose to file under seal actually qualify as Confidential Information as those terms are defined in and limited by this Protective Order to minimize, to the greatest extent

possible, the quantity of materials they ultimately file under seal. The filing of materials under seal shall be the exception, and not the rule.

11. <u>Other Orders</u>. This Order shall not prevent any Party from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this protective order, subject to the approval of the Court.

12. <u>Enforcement</u>. This Order shall not preclude any Party from enforcing its rights against the other party or any third party believed to be violating the rights of another.

13. <u>Restrictions on Disclosure</u>. No Protected Information shall be disclosed to any persons other than those Authorized Persons identified in paragraph 14. Nothing in this Protective Order, however, shall prevent disclosure beyond the terms of this Protective Order if the person designating the information consents in writing prior to such disclosure, or if the Court orders such disclosure. Nothing in this Protective Order shall be construed as a modification of any party's rights or restrictions on the ability of a person to publicly disclose its own Protected Information.

14. <u>Authorized Persons</u>.

a. Except as agreed to in writing by the designating person (or its counsel) or as otherwise provided by this Protective Order, and only after compliance with the procedures, if any, set forth herein, access to Protected Information shall be restricted to the following persons:

i. The Court and court personnel;

ii. Main Street America Assurance Company and Holly Park Townhome Association;

iii. Counsel of record for the parties identified in 14. a. ii., along with associated attorneys in their law firms, and law clerks, paralegals, clerical staff, and other staff employed by such law firms;

iv. Independent consulting or testifying expert witnesses or trial consultants, including their staff, retained by the parties identified in 14. a. ii., in connection with this case and mock jurors, provided that such persons sign a Confidentiality Agreement;

v. The officer or court reporter taking, reporting, recording, transcribing, or videotaping deposition or other testimony in this action, and employees of such officers or court reporters to the extent necessary to prepare the transcript of the deposition;

vi. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

vii. Any mediator who works on this matter and his or her staff who have signed a Confidentiality Agreement;

viii. During their testimony or preparation for their testimony, witnesses in the action to whom disclosure is reasonably necessary (such witnesses shall be bound by the terms of this order and shall be given a copy of it at the outset of a deposition);

ix. Vendors employed by any of the parties solely for the purpose of downloading, processing, formatting, printing and/or duplicating documents produced in discovery in this action and that have signed a Confidentiality Agreement;

x. Reinsurers, reinsurer intermediaries, and retrocessionaires of a party, but solely for reinsurance or retrocessional purposes arising out of the litigation or its subject matter;

xi. Auditors or regulators of a party entitled to review Protected Information as a result of contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes; and,

xii. Any other person who is subsequently designated either by written agreement by the Parties or by Order of the Court and who has signed a Confidentiality Agreement.

7

15. <u>Safe-Keeping of Confidential Information</u>. The recipient of any Protected Information disclosed pursuant to this Protective Order shall maintain it in a secure area and shall exercise due and proper care to protect its confidentiality.

16. <u>Inadvertent Disclosure of Confidential Information by Designating Person</u>. Failure to designate or stamp information as "PRIVILEGED" or "CONFIDENTIAL" at the time of its production shall not constitute a waiver of protection of such Protected Information, provided that the disclosing person or its counsel promptly notifies all receiving persons upon realizing the failure. Any person who is notified that Protected Information has been inadvertently produced shall treat the information as subject to this Protective Order unless and until the Court determines that such designation does not apply. Such receiving person shall make reasonable efforts to notify all other persons to whom it has provided the Protected Information that such material shall be treated and handled in accordance with this Protective Order. However, the receiving person shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notice.

17. <u>Inadvertent Disclosure to or by Receiving Party</u>. If a Party or other person receiving Protected Information learns that, by inadvertence or otherwise, it has disclosed such information under circumstances not authorized under this Protective Order, such receiving Party or person shall immediately (i) notify in writing the person who designated the information as "PRIVILEGED" or "CONFIDENTIAL" of the unauthorized disclosures; (ii) use its best efforts to retrieve all copies of the Protected Information; and (iii) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Protective Order.

18. <u>Inadvertent Production of Protected Information</u>. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the inadvertent production of privileged or otherwise protected information

shall not constitute waiver of any such privilege or protection. If the producing Party determines that such inadvertent production has occurred, the producing Party shall notify the receiving Party pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

19. <u>Conclusion of Litigation</u>. Subject to further order of the Court, at the conclusion of this Litigation, any party who received Confidential Information shall destroy all copies of any document, file, or other material that contains or reflects Protected Information within sixty calendar days of the disposition or final termination of this case, including appeals, if any, or, alternatively, continued to be maintained pursuant to the terms of this Protective Order. Counsel for each person who has received Confidential Information may maintain copies of material that contains or reflects such information, the maintenance and use of which, post-termination of this case, shall be subject to this Protective Order. As to any Common Interest Protected Material, the parties shall meet and confer and may seek an appropriate court order as to disposition of copies.

Notwithstanding the foregoing, counsel may retain two archival copies of court filings (one in electronic form; one in hard copy form) and two copies of deposition and trial transcripts (including two copies of exhibits thereto) (one in electronic form; one in hard copy form), as well as any materials constituting attorney work product, which materials will remain subject to this Protective Order.

20. <u>Survival</u>. The terms and conditions of this Protective Order shall remain in full force and effect, shall survive the final resolution of this Litigation, and shall be binding on all Parties and Signatories unless the Protective Order is terminated or modified in writing by the Court. Each person subject to this Protective Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Protective Order, in perpetuity, and the Court will retain jurisdiction to enforce the terms of this Protective Order following termination of this Litigation, the filing of a

9

notice of appeal, or the filing of any other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

21. Modification or Termination. The entry of this Protective Order shall be without prejudice to the rights of any person to apply for additional or different protection where it is deemed appropriate or to seek relief from the terms of this order. This Order is subject to modification or termination by the Court upon showing of good cause.

22. Notices. All notices required or permitted to be provided by this Protective Order shall be made by email. In the event that notification by email is impracticable, a notice shall be made by either (i) hand-delivery of the notice to counsel of record in person; or (ii) sending the notice by a courier for overnight delivery to counsel of record.

    **SO ORDERED**.  Signed: November 18, 2021

                _____

            David S. Cayer
            United States Magistrate Judge

CONSENTED TO BY:

**TEAGUE CAMPBELL DENNIS & GORHAM, LLP**

BY:  /s/ *Rebecca R. Thornton*
   Rebecca R. Thornton
   N.C. State Bar No. 40008
   William A. Bulfer
   N.C. State Bar No. 31424
   P.O. Box 19207
   Raleigh, NC 27619-9207
   Telephone: (919) 873-0166
   Facsimile: (919) 873-1814
   rthornton@teaguecampbell.com
   wbulfer@teaguecampbell.com
   *Attorneys for Defendant*

**HOWARD STALLINGS LAW FIRM**

BY:  /s/ *Robert H. Jessup* w/permission
   Robert H. Jessup
   N.C. State Bar No. 42945
   5410 Trinity Road, Suite 210
   Raleigh, NC 27607
   Telephone: (919) 821-7700
   Facsimile: (919) 821-7703
   rjessup@hsfh.com
   *Attorney for Plaintiff*

11